OPINION
Defendant, Kenneth Shackleford, appeals from his conviction and sentence for abduction, with a firearm specification, and having weapons while under a disability.
The evidence presented at trial demonstrates that on or about April 19, 2000, one day before Defendant's birthday, Defendant and Dameeka Burney spent the night at an Econo Lodge motel in Dayton. The following day Defendant gave Ms. Burney fifty dollars and dropped her off at her home. Ms. Burney used that money to buy groceries for her children., Defendant picked Ms. Burney up later that day. Defendant drove to Gettysburg Avenue, where he got a handgun from his brother. Defendant fired the gun to learn if it worked. Defendant and Burney then returned to the Econo Lodge Motel to spend a second night.
After Defendant and Burney arrived at the motel they began to argue over the fifty dollars Defendant gave Burney and whether Burney had cheated on Defendant. Defendant took out the gun, put it in Burney's face, and threatened to kill her. Burney attempted to leave the room several times, but Defendant kept pushing her down on the bed, saying she was not going anywhere. Burney was very frightened, and worried whether she would live and if Defendant was going to shoot her.
Two motel security guards came to the door while Burney and Defendant were arguing. When Defendant answered the door, the security guards told him to keep the noise down. Burney was crying, and she asked the security guards to help her get out of there. The security guards listened and then walked away down the hallway. Defendant closed and locked the door he went into the bathroom. Burney then escaped from the room and ran down the hallway to where the security guards were located. The "security guards" gave Burney a telephone and she called 911.
When police arrived at the motel Burney was crying, upset, and very frightened. She told police her boyfriend had pointed a gun at her and threatened to kill her. While Burney was talking with police in the motel lobby, Defendant walked into the lobby. Burney got a frightened look on her face and pointed to Defendant, saying, "There he is. He's got a gun."
Police seized Defendant and immediately handcuffed him and patted him down for weapons. Defendant was very uncooperative and threatened to shoot the officers. After Defendant was placed in a police cruiser, police searched Defendant's room. No gun was initially found. The room was searched a second time, and police found a loaded .22 caliber revolver and several rounds of live ammunition in the toilet tank. There were four live rounds and two spent rounds inside the gun., Defendant was indicted on one count of intimidation, R.C. 2921.03(A), one count of abduction with an attached firearm specification, R.C. 2905.02(A)(2), R.C.2941.141, and one count of having weapons while under a disability, R.C.2923.13(A)(3). The State dismissed the intimidation charge prior to trial. The jury subsequently found Defendant guilty of the remaining charges and specifications. The trial court sentenced Defendant according to law.
From his conviction and sentence Defendant has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL WITH RESPECT TO THE WEAPONS UNDER DISABILITY CHARGE AS THE STATE FAILED TO PROPERLY ESTABLISH THAT APPELLANT WAS UNDER A DISABILITY DUE TO A PRIOR CONVICTION.
When considering a Crim.R. 29 motion for acquittal, the trial court must construe the evidence in a light most favorable to the State and determine whether reasonable minds could reach different conclusions on whether the evidence proves each element of the offense charged beyond a reasonable doubt. State v. Bridgeman (1978), 55 Ohio St.2d 261 . The motion will be granted only when reasonable minds could only conclude that the evidence fails to prove all of the elements of the offense. State v. Miles (1996), 114 Ohio App.3d 738.
R.C. 2923.13(A)(2) states that, unless relieved from that disability pursuant to R.C. 2923.14, no person who has been convicted of a crime shall have, carry, or use a firearm. An offense against that section is a felony of the fifth degree., Defendant-Appellant Shackleford was charged with a violation of R.C. 2923.13(A)(2). To prove the charge, the State offered a certified copy of a judgment entry of conviction in a prior criminal case before the court of common pleas of Montgomery County, Case No. 91-CR-2117. The entry demonstrates that Kenneth Floyd Shackleford was convicted of aggravated trafficking in cocaine, a violation of R.C.2925.03, on November 13, 1991.
The State also offered the testimony of Dayton Police Officer Charles Richardson, who stated that he arrested Defendant-Appellant in 1991 for aggravated drug trafficking. (T. 109). When the prosecutor asked Officer Richardson whether Defendant-Appellant Richardson was the person who was convicted in the 1991 case, Shackleford objected and the court sustained the objection. (T. 110).
R.C. 2945.75(B) provides:
 Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.
Shackleford did not challenge the certified copy of the judgment entry of conviction in Case No. 91-CR-2117 that the State introduced. His argument in support of his Crim.R. 29 motion was that the other evidence the State offered was not sufficient to identify him as the offender in that prior case.
A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259 :
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
The certified copy of the judgment entry in Case No. 91-CR-2117 shows that on November 13, 1991, Kenneth Floyd Shackleford was convicted of aggravated drug trafficking. The defendant named in that judgment entry has the same first, middle and last name as Defendant-Appellant. The judgment entry contains the offender's date of birth, April 19, 1965, and his social security number, 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. While no evidence was introduced to prove the Defendant's social security number, Ms. Burney's testimony indicates that Defendant's birthday was around April 19th or 20th. Furthermore, Officer Richardson testified at trial that he arrested Defendant in 1991 for aggravated drug trafficking.
There was no direct evidence at trial showing that this Defendant was the same person named in the 1991 judgment entry. Defendant objected when that question was posed to Officer Richardson, and the trial court sustained the objection. Why the court did so is unclear. As a possible result, there is no direct evidence on that issue. Nevertheless, it may reasonably be inferred from the evidence presented that Defendant-Appellant is the same person named in that judgment entry. The evidence is circumstantial, but circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991),61 Ohio St.3d 259. The only issue is the weight to be given it.
The evidence presented at trial, when viewed in a light most favorable to the State, as Crim.R. 29 requires, is evidence from which reasonable minds could conclude that the Defendant named in the 1991 judgment entry and the Defendant in this trial are the same person. Thus, Defendant's conviction for having weapons while under a disability is supported by legally sufficient evidence, and the trial court properly overruled his motion for acquittal.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR APPELLANT'S CONVICTION FOR ABDUCTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
A weight of the evidence argument challenges the believability of the evidence, and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the factfinder lost its way. State v. Bradley (October 2, 1997), Champaign App. No. 97-CA-03, unreported., Defendant argues that his conviction for abduction is against the manifest weight of the evidence because the only evidence presented to support that offense was the testimony of Ms. Burney, and portions of her testimony were not worthy of belief. For instance, Defendant claims that Burney's testimony that Defendant fired his handgun three times to test it was inconsistent with evidence that when police recovered that weapon it contained four live rounds and only two spent rounds. Furthermore, Defendant claims that Burney's testimony that the motel security guards heard her pleas for help in getting out of Defendant's room but ignored them and simply walked away is not credible and not worthy of belief.
The credibility of the witnesses who testify at trial and the weight to be given to their testimony are matters for the trier of facts to resolve. State v. DeHass (1967), 10 Ohio St.2d 230. Dameeka Burney's testimony, if believed, demonstrates that Defendant knowingly and by force or threat restrained her liberty under circumstances which created a risk of physical harm or placed her in fear. R.C. 2905.02 (A)(2). In reviewing this entire record as a whole we cannot say that the evidence weighs heavily against a conviction, that the jury lost its way, or that a manifest miscarriage of justice has occurred. Defendant's conviction is not against the manifest weight of the evidence.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.